1200/08-5909.NTS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD SMITH AND JANELLE SMITH, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TOWN OF FULTON, INDIANA; TOWN )<br>COUNCIL OF TOWN OF FULTON; TOWN )<br>OF FULTON WASTEWATER UTILITY; and )<br>FULTON COUNTY HEALTH )<br>DEPARTMENT, )<br>)<br>Defendants. )<br>) | No. 3:08-CV-536 |

**MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT**

NOW COME the Defendants, TOWN OF FULTON, INDIANA (hereinafter "Town"); TOWN COUNCIL OF TOWN OF FULTON (hereinafter "Council"); TOWN OF FULTON WASTEWATER UTILITY (hereinafter "Utility"); and FULTON COUNTY HEALTH DEPARTMENT (hereinafter "County"), by and though their attorneys at KNIGHT, HOPPE, KURNIK & KNIGHT, LTD., and, pursuant to Federal Rule of Civil Procedure 56 and the Northern District of Indiana Local Rules 7.1 and 56.1, hereby move this Court for entry of summary judgment as to all allegations directed against Defendants, and, in support attach the Memorandum of Law, and state as follows:

1. Plaintiffs bring this action alleging that the Town, Council and Utility did not invite, allow or offer Plaintiffs the opportunity to connect their property to the Town's sanitary sewer system. The County gave notice to Plaintiffs to vacate the home after discovering the

property's septic system was in failure. Thereafter, Plaintiffs requested to be connected to the sewer system but Plaintiffs expect the Defendants to pay for Plaintiffs' connection to the sewer system.

2. Plaintiffs seek a declaratory judgment, allege an equal protection violation, seek an action for mandate requesting sewer service, seek injunctive relief, and allege a taking.

3. First, there is no evidence that Defendants violated Plaintiffs' equal protection rights and Plaintiffs fail to point to any evidence that they were treated differently than anyone similarly situated.

4. Additionally, the equal protection claim is barred by the applicable two year statute of limitations.

5. There is no evidence that Defendants' actions constitute an unlawful taking. Furthermore, Plaintiffs did not exhaust the applicable administrative remedies which is a prerequisite for a takings claim. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186-87, 105 S.Ct. 3108, 87 L.Ed.2d 129 (1985); *Forseth v. Village of Sussex,* 199 F.3d 363, 368-70 (7th Cir. 2000).

6. All of Plaintiffs' state law claims should fail as the Plaintiffs have not satisfied their burden with regard to each of the state law claims.

7. Plaintiffs are not entitled to a declaratory judgment as they have not established that they have a legitimate claim of entitlement to sewer service.

8. An action for mandate is inappropriate as Plaintiffs failed to satisfy the six requirements for the issuance of a writ of mandate. *See* Ind. Original Action Rule 3(A); *see also Haddix v. State,* 827 N.E.2d 1160, 1166 (Ind.Ct.App.2005), *trans. denied.*

9. Injunctive relief is not a proper remedy as Plaintiffs' only claimed injury is economic. *See City of Gary, Indiana v. Majestic Star Casino, LLC*, 905 N.E.2d 1076 (Ind.App. 2009).

10. The applicable statute of limitations bars Plaintiffs' state law claims against the Town, Council and Utility as all allegations against these Defendants are regarding events which occurred in 1998 1and 1999. I.C. § 34-11-2-7.

11. Defendants are entitled to immunity as their actions were discretionary. I.C. § 34-4-16.5-3(6), I.C. § 34-13-3-3(7), I.C. § 34-13-3-3(11).

12. Plaintiffs' failure to file a Tort Claim Notice pursuant to the Tort Claims Act bars Plaintiffs' state law claims.

13. Plaintiffs did not appeal the decision of the County; thus, they failed to exhaust the available administrative remedies. *See Town Council of New Harmony v. Parker*, 726 N.E.2d 1217, 1224 (Ind. 2000), *see e.g. Austin Lakes Joint Venture v. Avon Util., Inc.*, 648 N.E.2d 641 (Ind. 1995).

14. Plaintiffs did not challenge the enactment of the applicable ordinances thus they cannot now challenge the cost of connecting to the sewer system. *See Farley Neighborhood Association v. Town of Speedway*, 765 N.E.2d 1226, 1228 (2002).

15. The claims against the Council are redundant of the claims against the Town. *Hurst v. Town of Merrillville, Ind.*, 2009 WL 1605131 at *2 (N.D. Ind. 2009), *Moore v. Bd. of Educ. of City of Chicago*, 300 F.Supp.2d 641, 646 (N.D. Ill. 2004).

16. There is no genuine issue of material fact and Plaintiffs have failed to meet their burden and show evidence of a *prima facie* case under the United States Constitution, Indiana Constitution, or under state law.

WHEREFORE, the Defendants, TOWN OF FULTON, INDIANA; TOWN COUNCIL OF TOWN OF FULTON; TOWN OF FULTON WASTEWATER UTILITY; and FULTON COUNTY HEALTH DEPARTMENT, respectfully requests that this Court grant Defendants' Motion for Summary Judgment in its entirety and enter judgment in their favor and/or any other relief this Court deems just and proper.

Respectfully submitted by,

/s/ Kristen D. Alkire
KRISTEN D. ALKIRE, One of the Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 1, 2010, a copy of the foregoing **MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT** was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic system. Parties may access this filing through the Court's system.

- **Kristen D Alkire at** Kalkire@khkklaw.com
- **Matthew S Clark at** mclark@khkklaw.com, tmulligan@khkklaw.com
- **Charles R Shedlak at** crs@sandblawfirm.com

/s/ Kristen D. Alkire
KRISTEN D. ALKIRE
KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorneys for Defendants TOWN OF FULTON, INDIANA, TOWN COUNCIL OF TOWN OF FULTON, TOWN OF FULTON WASTEWATER UTILITY and FULTON COUNTY HEALTH DEPARTMENT
5600 North River Road, Suite 600
Rosemont, Illinois 60018-5114
Telephone:   847-261-0700
Facsimile:   847-261-0714
E-Mail:          KAlkire@khkklaw.com

5909 MSJ 10-06-28

- 4 -