UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD SMITH and JANELLE SMITH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 3:08-CV-00536-JVB-CAN ) |
| TOWN OF FULTON, INDIANA, TOWN COUNCIL OF TOWN OF FULTON, TOWN OF FULTON WASTEWATER UTILITY, and FULTON COUNTY HEALTH DEPARTMENT, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

The Court should deny the Motion of Defendants for Summary Judgment filed by the defendants Town of Fulton, Indiana, Town Council of Town of Fulton, Indiana, Town of Fulton Wastewater Utility, and Fulton County Health Department.

Issues of material fact and competing inferences from the facts preclude summary judgment. In addition, the defendants are not entitled to judgment as a matter of law.

**STATEMENT OF GENUINE ISSUES**

The motion's introduction suggests that the plaintiffs Richard and Janelle Smith ("Smiths") could "fix the septic system or pay to connect to the Town's sewer system." Def. Mem. p. 2. Fixing the septic tank system at the property was not an option that the

defendants provided to the Smiths.  Def. Mem. p. 5; Def. Exh. 8.  Nor was simply paying to connect an available course of action.  The costs incurred by the Smiths would greatly exceed the connection fee.  (The parties may differ about the exact amount, or whether the Smiths could even accomplish the work in the absence of a property concession by a neighbor, but the defendants agree that the estimate to extend services to the Smiths exceeds $18,000).  Def. Mem. p. 17.

The defendants state that Shannon Shepherd, the County Health Department representative, told Mr. Smith that "he had to hook up to the Town's sewer system because his property was within 300 feet of the Town's sewer system."  Def. Mem. p. 6 (citations omitted).  The defendants also say that the Smiths' "property line is 285 feet to the Town line but the residence is 653 feet from the Town line as it sits at the south end of the property."  Def. Mem. p. 7.  There is no showing that the Smiths' property is "within 300 feet of the Town's sewer system," nor how far the Town's sewage system is from its boundary line.  See Def. Mem. p. 6.  Indeed, the evidence suggests, and a finder of fact could permissibly infer, that the sewer system is in fact more than 300 feet from the Smiths' property.  Def. Exh. 7 at Exh.  Further, the Town's Sewer Use Ordinance sets out the Town's ability to require connection and refers to the distance of 200 feet between the public sewer and the property line.  Def. Exh. 2, sec. 4(b).  The record establishes that the Smiths' property line is more than 200 feet from the Town's public

2

sewer.  Def. Mem. p. 7.

Mr. Smith testified that Shannon Shepherd told him that the Town should have hooked up the property to the sewer system when the Town installed the system, because the property was within 300 feet of the system.  R. Smith Dep.  Mr. Smith understood that this was mandatory.  Smith Req. Adm. Resp. 6, 7; R. Smith Interr. Resp. 6.  The content of this conversation presents another issue of fact.

Another issue of fact or unresolved issue of law and fact is whether the statement that "gray water" from the property's sink or shower or bathtub can be discharged directly without going into the septic system, particularly when those gray water sources had never been joined to a septic system (at least since the Smiths acquired the property in 1977 or 1978).  See Def. Mem. p. 6; Def. Mem. pp. 5, 6.

## ARGUMENT

A.  The Smiths' claims set forth a basis for the lack of equal protection claim.

As for the equal protection analysis, the Smiths contend that they were treated, and continue to be treated, differently from other citizens whose properties were within 300 feet of the Town's system and who were connected to the system on the terms and costs then in effect.  The Smiths were not even given the opportunity to connect to the system at that time. R. Smith Interr. Resp. 4, 5.  Now, having heard that the Town

should have connected the property then, the Smiths are being required to connect at a high total cost, and to lose the economically-viable use of their property in the interim, or to be left with no viable use of the property if they do not or cannot pay for the costs of connection.

In addition, the Smiths, as adjoining nonresidents and non-property owners of the Town of Fulton, received and are receiving treatment different from the treatment accorded to residents and to property owners within the Town of Fulton.

### B. The Smiths filed their claims within the statute of limitations.

The statute of limitations does not bar the Smiths' claims. The Smiths suffered the immediate effect upon and loss to their property beginning with the May 2007 notice from the Fulton County Health Department. They filed this action in November 2008, less than two years from that time. The Smiths agree that they did not file a direct challenge to the <u>validity</u> of the order itself (within the 10 day statutory period to seek state judicial review, a period that does not afford a meaningful opportunity to understand, evaluate and pursue rights that may be at stake). Indeed, the Complaint explicitly says so. Amend. Compl. para. 12. The conduct of the defendants since May 2007 in relation to the effects and circumstances of the Health Department order has infringed upon the Smiths' rights and caused losses to the Smiths and to their property. Having declined to extend sewer service to the Smiths' property when the system was built (in fact, less than 10 years before the Smiths filed this action), the defendants are

now putting the Smiths in the position of paying more than $18,000 to build and connect to the system or continue to lose all use of the property.

In addition, I.C. sec. 34-11-2-7 does not apply here.  The causes of action are not for use, rents or profits of real property.  I.C. sec. 34-11-1-2 provides for a 10 year limitation period for causes of action that "are not limited by any other statute."

> C. <u>The Smiths did not fail to exhaust available or required administrative remedies.</u>

The Smiths had no available <u>administrative</u> review to exhaust nor to pursue after receiving the May 2007 Health Department notice.  By statute, the avenue to challenge the validity of the order itself was appeal through <u>judicial</u> review, not administrative nor even quasi-judicial review.  Indiana statutes set forth a particular procedure that specifically relates to such orders.  I.C. sec. 16-41-20-9.  No further appeal of the circuit or superior court's decision is available.  I.C. sec. 16-41-20-9(b).

> D. <u>The defendants' conduct effected a taking that substantially impaired the Smiths' free use or enjoyment of the property.</u>

The Smiths' Complaint contends that the defendants' conduct effected a taking by preventing the property's use.  Before the order, the Smiths were renting out the property and deriving income.  After complying with the order, they were not.  Unlike the taking cases that the defendants cite (Def. Mem. p. 11), the Smiths are not complaining about the loss of a contemplated or theoretically conceivable use.  Their use was actual and reasonable, and residential use of the property is the only possible use of

5

the property in the record. Although the Smiths have not found another use for the property, no demonstrated or alleged other economically viable use of the property appears in the record. See Def. Mem. pp. 11-12. The effect on the Smiths has been "a substantial interference with private property that destroys or impairs one's free use or enjoyment of the property or one's interest in the property." Center Townhouse Corp. v. City of Mishawaka, 882 N.E.2d 762, 770 (Ind. Ct. App. 2008)(quoting Board of Commissioners v. Joeckel, 407 N.E.2d 274, 278 (Ind. Ct. App. 1980)). The Smiths acknowledge that, whether or not the stated effects constitute such an impairment, whether economically viable use remains, whether the extent of the governmental actions and inactions constitute a permissible use of the police power, and whether their claims set forth a taking all constitute issues within this case.

### E.  Claims not at issue

The Smiths are not seeking to allege any state law tort claim. Therefore, the concept of discretionary immunity does not apply, nor does the Indiana Tort Claims Act. See Def. Mem. secs. IV(E), (F).

The Smiths claims do not challenge the enactment of the Town of Fulton's sewer system ordinances, and they do not challenge the set rates for sewer service charged by the Town of Fulton Wastewater Utility or the reasonableness of those rates.

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendants' Motion for Summary Judgment.

Dated this 15th day of September, 2010.

>/s/ Charles R. Shedlak
>Charles R. Shedlak (Bar No. 20728-71)
>Shedlak & Benchik Law Firm LLP
>402 W. Washington St., Suite 200
>South Bend, IN 46601
>(574) 233-7701
>Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a true and correct copy of the above and foregoing document to be served upon the following counsel, by the District Court's CM/ECF system, this 15th day of September, 2010.

Matthew S. Clark

Knight, Hoppe, Kurnik & Knight, Ltd.
5600 North River Road, Suite 600
Rosemont, IL 60018-50014

>/s/   Charles R. Shedlak
>Charles R. Shedlak